649 S.E.2d 283

**Carole E. Damron SHORTT, Petitioner Below, Appellee**

v.

**Frederick Cecil DAMRON, Respondent Below, Appellant.**

**No. 33185.**

Supreme Court of Appeals of West Virginia.

Submitted April 4, 2007.

Decided May 11, 2007.

Mark A. Swartz, Allyson H. Griffith, Swartz & Stump, Charleston, for Appellee.

Charles R. Webb, Charleston, for Appellant.

STARCHER, J.:

In this case, we clarify the relationship between two versions of a statute relating to court orders requiring a divorced parent to pay for the college expenses of a child who has reached the age of majority.

## I.

### Facts & Background

The appellant in the instant case is Frederick Cecil Damron; the appellee is Carole Eileen Shortt. Mr. Damron and Ms. Shortt were married in 1982. In 1987, Ms. Shortt filed for divorce in the Circuit Court of Kanawha County.[1] At the time of their divorce, the parties had two children: Stuart Frederick Damron,[2] who was four years old, and Alexander Thomas Damron, who was one year old.

1. A copy of the original complaint was not included in the record.

2. There are no issues involving Stuart in the instant case.

3. The cost of attending Clemson University in July 2004 was $20,550.00. The cost of attending

On May 14, 1987, the parties entered into a written property settlement agreement. The parties' settlement agreement included a provision that stated, *inter alia:*

Husband agrees to underwrite the expense of providing the minor child/children of the parties with a post-high school education and to pay all tuition, fees, books, costs, and expenses relative to said child/children attending an accredited college, university, vocational or trade school of said child/children's choice; provided said child/children are full time students; provided they maintain at least a 2.0 grade point average after their Freshman year; provided they graduate by the time they attain the age of twenty-four (24) years; and provided the cost of said education does not exceed the cost of said children attending West Virginia University.

The terms of the property settlement agreement were incorporated into the circuit court's August 3, 1987 final divorce order (which also formally divorced the parties). The order stated:

It is further ordered and adjudged that the Defendant underwrite the expense of providing the minor child/children of the parties with a post high-school education and to pay all tuition, fees, books, costs, and expenses relative to said child/children attending an accredited college, university, vocational or trade school of said child/children's choice, provided said child/children are full time students; provided they maintain at least a 2.0 grade point average after their Freshman year; provided they graduate by the time they attain the age of twenty-four (24) years; and provided the cost of said education does not exceed the cost of said children attending West Virginia University.

In the fall of 2004, the parties' youngest son Alexander enrolled in Clemson University, a private college located in South Carolina.[3] The appellant refused to pay for any

West Virginia University at the same time was $13,186.00. While the cost of attending Clemson University exceeds the limit mentioned in the property settlement agreement and the divorce decree, the appellee sought only to be reimbursed for the cost of a student attending West Virginia University.

of Alexander's college expenses. On August 30, 2004, as Alexander was beginning his freshman year at Clemson, Ms. Shortt filed a petition, *pro se,* in the Family Court of Kanawha County, seeking to hold Mr. Damron in contempt of the circuit court's 1987 final divorce order and seeking reimbursement for a portion of Alexander's college expenses.

After a hearing on Ms. Shortt's petition, on October 24, 2005, the family court entered an order concluding that *W.Va.Code,* 48–11–103(c) [2002] [4] (discussed further hereinafter) required the vacation of the provision in the 1987 final divorce order that required Mr. Damron to pay Alexander's college expenses.[5]

However, the family court also concluded that the parties' written settlement agreement was independently enforceable, and that Mr. Damron was contractually required to pay Alexander's college expenses based on the settlement agreement.

In support of these conclusions, the family court stated:

> In a separation agreement a party may contractually agree to undertake an obligation that the law would not otherwise impose upon him and be bound by that agreement. There was no evidence that Mr. Damron's agreement to pay college expenses was procured through fraud, duress or other unconscionable conduct. *W.Va.Code* § 48–11–103(c) [2002] does not require that a separation agreement providing for payment of college expenses be vacated and, therefore, the separation agreement may be enforced against Mr. Damron. [Paragraph numbers omitted.]

On November 22, 2005, Mr. Damron appealed the family court's ruling to the Circuit Court of Kanawha County. On December 14, 2005, the circuit court entered an order affirming the family court's order. Mr. Damron now appeals from the circuit court's order.

## II.

### *Standard of Review*

■ In reviewing challenges to findings made by a family court judge that also were adopted by a circuit court, a three-pronged standard of review is applied. Under these circumstances, a final equitable distribution order is reviewed under an abuse of discretion standard; the underlying factual findings are reviewed under a clearly erroneous standard; and questions of law and statutory interpretations are subject to a *de novo* review.

Syllabus Point 1, *Burnside v. Burnside,* 194 W.Va. 263, 460 S.E.2d 264 (1995).

## III.

### *Discussion*

■ As previously noted, the circuit court relied upon language in *W.Va.Code,* 48–11–103(c) [2002] (formerly codified at *W.Va. Code,* 48–2–15d [1994] and quoted hereinafter) to vacate the college expense payment provision of the parties' divorce order.

The briefs of both parties in the instant case assume that the circuit court's statute-based vacation of this portion of the divorce order was correct, and focus their discussion on the issue of the enforceability of the parties' separation agreement.

However, this Court has concluded, for the following-discussed reasons, that the circuit court erred in relying on *W.Va.Code,* 48–11–103(c) [2002] to vacate the college expense payment provisions of the parties' 1987 divorce order.

To properly understand the order "vacation" provisions of *W.Va.Code,* 48–11–103(c) [2002], it is necessary to first understand West Virginia law in this area prior to 1993. While this Court's research has not disclosed anything in West Virginia's pre–1993 statutory law that specifically authorized a court to require the payment of a child's post-majority college expenses, our case law did clearly

---

4. The pertinent provisions of *W.Va.Code,* 48–11–103(c) [2002] were originally codified at *W.Va. Code,* 48–2–15d [1994].

5. The family court's order stated that the court had "no choice but to vacate the provision of the final order requiring [Mr. Damron] to pay college expenses[,]" upon Mr. Damron's motion for such vacation.

recognize that divorce orders that required a divorced parent to pay post-majority support for a child were enforceable—if the order reflected a *voluntary* agreement by the parent to pay such support.

■ As this Court stated in *Martin v. Martin,* 176 W.Va. 542, 544, 346 S.E.2d 61, 62 (1986) *(per curiam)*:

There is nothing in the law, however, which precludes a parent from contracting to support his or her children after they reach the age of legal capacity. *See In re Estate of Hereford,* 162 W.Va. 477, 250 S.E.2d 45 (1978); *Dimitroff v. Dimitroff,* 159 W.Va. 57, 218 S.E.2d 743 (1975).

In 1993, *W.Va.Code,* 48–2–15d [1993] was enacted, and stated in pertinent part:

(b) The court may make an award for educational and related expenses for an adult child up the age of twenty-three who has been accepted or is enrolled and making satisfactory progress in an educational program at a certified or accredited college. The amount of these payments shall be related to the ability of the parent to make the payments. The payments shall be made to the custodial parent when the adult child is residing with that parent or to a third party as designated by the court. If the child is not residing with a parent, the payments shall be paid to the child or to such third parties as so designated by the court.

This new statutory section specifically allowed courts to require a divorced parent to pay the college expenses of a child who was past the age of the child's majority—*without* the agreement of the parent.

However, in 1994, only a year later, *W.Va. Code,* 48–2–15d [1993] was amended—adding the order "vacation" language that is now codified at *W.Va.Code,* 48–11–103(c) [2002]. The pertinent statutory language states:

The reenactment of this section during the regular session of the Legislature in the year one thousand nine hundred ninety-four *shall not, by operation of the law, have any effect upon or vacate any order or portion thereof entered under the prior enactment of this section which awarded educational and related expenses for an* adult child accepted or enrolled and making satisfactory progress in an educational program at a certified or accredited college. Any such order or portion thereof shall continue in full force and effect until the court, upon motion of a party, modifies or vacates the order upon finding that:

(1) The facts and circumstances which supported the entry of the original order have changed, in which case the order may be modified;

(2) The facts and circumstances which supported the entry of the original order no longer exist because the child has not been accepted or is not enrolled in and making satisfactory progress in an educational program at a certified or accredited college, or the parent ordered to pay such educational and related expenses is no longer able to make such payments, in which case the order shall be vacated;

(3) The child, at the time the order was entered, was under the age of sixteen years, in which case the order shall be vacated;

(4) The amount ordered to be paid was determined by an application of child support guidelines in accordance with the provisions of section eight, article two, chapter forty-eight-a of this code or legislative rules promulgated thereunder, in which case the order may be modified or vacated; or

(5) The order was entered after the fourteenth day of March, one thousand nine hundred ninety-four, in which case the order shall be vacated.

*W.Va.Code,* 48–11–103(c) [2002] (emphasis added).

The foregoing-quoted language, currently codified at *W.Va.Code,* 48–11–103(c) [2002] and first enacted at *W.Va.Code,* 48–2–15d [1994], authorizes the vacation of only certain college expense payment orders *that were entered under "the prior enactment of this section."* The words "the prior enactment of this section" clearly refer to the 1993 enactment of section 15d, chapter 48, article 2.

Thus, *W.Va.Code,* 48–2–15d [1993] was amended in 1994 (using language now codified at *W.Va.Code,* 48–11–103(c) [2002] ) to

authorize courts to vacate the provisions of certain divorce orders entered under the authority of *W.Va.Code,* 48–2–15d [1993] that required a parent to pay for a child's post-majority college expenses without the agreement of the parent.

In the instant case, the family court and circuit court concluded that *W.Va.Code,* 48–11–103(c) [2002] required the vacation of the college expense payment provisions of the parties' 1987 divorce order.[6] However, that order was *not* entered under the authority of the 1993 enactment of *W.Va.Code,* 48–2–15d [1994]. Rather, the parties' divorce order was entered six years before section 15d even existed. Moreover, the parties' 1987 divorce order reflected the voluntary assumption by Mr. Damron of the duty to pay his son's college expenses. Therefore, *W.Va. Code,* 48–11–103(c) [2002] does not apply to the parties' divorce order, and the family court and circuit court erred in relying on this statute to vacate the college expense provision of the divorce order.

Having determined that the provision in the parties' 1987 divorce order requiring Mr. Damron to pay a portion of Alexander's college expenses was not subject to vacation under *W.Va.Code,* 48–11–103(c) [2002], it is not necessary to reach the issue of the separate and independent enforceability of the parties' written separation agreement.

■ Additionally, we find that the record before this Court does not disclose any other grounds upon which the parties' divorce order is void or unenforceable. This Court has consistently held that:

> This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment.

Syllabus Point 2, *Barnett v. Wolfolk,* 149 W.Va. 246, 140 S.E.2d 466 (1965).

This well-established principle applies in the instant case. We therefore affirm the circuit court's ruling that Mr. Damron has an obligation to pay for Alexander's college expenses as provided in the parties' divorce order, on the grounds that he was required to do so by a valid court order.

### IV.

### *Conclusion*

The judgment of the circuit court is affirmed.

Affirmed.

---

6. The court relied on the grounds that Alexander was under sixteen when the order was entered, *W.Va.Code,* 48–11–103(c)(3) [2002].