# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Janice Hope Smith, Respondent Below,
Petitioner**

**vs) No. 14-0759** (Tucker County 13-D-31)

**Eric Scott Smith, Petitioner Below,
Respondent**

**FILED**

June 15, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Janice Hope Smith, by counsel Paul S. Detch, appeals the Circuit Court of Tucker County's July 7, 2014, order denying her petition for appeal from the Family Court of Tucker County. Respondent Eric Scott Smith, by counsel Pat A. Nichols, filed a response in support of the circuit court's order.[1] Petitioner filed a reply. On appeal, petitioner alleges that the lower courts erred in failing to order equitable distribution of the parties' marital assets.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 1994, the parties were married in Virginia. Respondent filed a petition for divorce with an accompanying financial statement in the Family Court of Tucker County, West Virginia, on July 26, 2013. Petitioner was served on July 31, 2013, in Summers County, West

---

[1]Respondent also filed eight "exhibits" attached to, and cited throughout, his response. As respondent filed no motion with these "exhibits" and the same do not comply with the Rules of Appellate Procedure, we decline to consider those items not provided in the appendix record and all references thereto in respondent's brief. We refer respondent's counsel to Rule 7 of the Rules of Appellate Procedure regarding appendix records and supplemental appendix records. We also note that petitioner's signed appendix certification page certifies only that "the concerns [sic] of this appendix are true and accurate copies of the original documents; [petitioner's] counsel has forwarded to Pat Nichols, respondent's counsel, the contents of this appendix." We refer petitioner's counsel to Rule 7(c)(2) of the Rules of Appellate Procedure, which provides that a signed appendix certification page must certify (1) that the contents are true and accurate copies of items contained in the record of the lower tribunal and (2) that "petitioner has conferred in good faith with all parties to the appeal in order to determine the contents of the appendix."

Virginia. In the petition, respondent alleged, *inter alia*, that he was a bona fide resident of the State of West Virginia, residing in Tucker County; that petitioner was a resident of the State of Washington; that the parties last cohabitated together in 2008 in the Commonwealth of Virginia; that the parties had lived separate and apart since 2008; and that the parties had acquired real and personal property throughout the marriage, but, at the time of the petition's filing, the parties had separated that property between them. Petitioner's financial statement disclosed approximately $270,000 in assets owned by both parties. The financial statement disclosed, inter alia, a Valic account listed at $60,000 and attributed to petitioner; an American Funds account listed at $100,000 and attributed to respondent; and the sale of a condo in Lynchburg, Virginia, in 2013 for $125,000, with net proceeds of $67,000. Petitioner filed no answer or other responsive pleading to the petition for divorce. Petitioner's only filing prior to the final divorce hearing in this matter was an "amended motion to continue" the final divorce hearing set for October of 2013, which was granted.[2]

After granting petitioner's "amended motion to continue," the family court set the final divorce hearing for December of 2013. However, by order, the family court rescheduled the December date and set the final hearing for January of 2014. A copy of that order was mailed to petitioner's counsel.

In January of 2014, the family court held the final divorce hearing in this matter. Respondent and his counsel appeared, but petitioner failed to appear either in person or by counsel. The family court noted that petitioner's counsel contacted the clerk's office on that date, presumably concerning the hearing on that date, but the family court had received no written motion from petitioner and proceeded with the final hearing. Respondent testified that he was a bona fide resident of West Virginia, having resided in Tucker County for over one year, and that he worked as a correctional officer in the state at that time. He further stated that he and petitioner separated in May or June of 2007 and had lived separate and apart since that time. Respondent also testified that the parties had previously separated their real and personal property, had their own property in their possession, and had no real property in both names at that time. The family court also heard another witness's testimony regarding the parties' separation.

By order entered on February 5, 2014, the family court granted respondent's petition for divorce and awarded each party the property currently in their possession. On February 7, 2014, petitioner filed motions to amend and to reconsider the February 5, 2014, final order. Respondent objected. The family court held a hearing on petitioner's motions on March 25, 2014. Petitioner argued that the family court lacked jurisdiction over the matter because the parties were not residents of this State; that respondent's counsel agreed that petitioner could file a late answer; that the parties had been involved in negotiations and discovery at the time of the final hearing; and that the parties had previously arranged for property distribution in Virginia. Petitioner stated that, if jurisdiction were proper, she did not contest the divorce and did not seek alimony. However, she requested that the family court reconsider property distribution and permit her to hire new counsel to litigate the same. The family court explained that no answer, motion, or

---

[2]Although filed as an "amended motion for continuance," we note that the docketing sheet in this matter shows no original motion for continuance requiring amendment.

discovery request had been filed prior to the final hearing, with the exception of an amended motion for continuance. At the conclusion of the March 25, 2014, hearing, the family court denied petitioner's motions, but its written denial order was not entered until April 22, 2014.

On April 21, 2014, petitioner filed a second motion to reconsider, seeking reconsideration of the family court's March 25, 2014, ruling from the bench denying her original motion to reconsider and motion to amend the final order. Without holding a hearing, the family court denied petitioner's second motion to reconsider.

On May 20, 2014, petitioner filed a petition for appeal in the Circuit Court of Tucker County alleging that respondent committed fraud in his financial disclosure and that respondent's counsel agreed that petitioner could file a late answer before moving forward with the case. Petitioner also claimed that she submitted questions to respondent's counsel about the parties' property distribution, and she had not yet received responses to those questions when respondent's counsel went "ahead with the hearing." Respondent filed a response. By order entered in July of 2014, the circuit court denied petitioner's petition for appeal. The circuit court denied petitioner's appeal as untimely; however, the circuit court also stated that the family court did not err because petitioner failed to file any responsive pleadings to the petition for divorce. This appeal followed.

We have previously established the following standard of review:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

On appeal, petitioner assigns error to the lower courts' failure to order equitable distribution of marital assets. While the circuit court found the timeliness issue dispositive in this matter, it further correctly concluded that the family court committed no error in granting respondent's petition for divorce or awarding property when petitioner failed to file a responsive pleading or appear at the final hearing. The family court heard respondent and another witness testify as to the parties' separation, and the uncontested evidence presented at the final divorce hearing showed that the parties had previously separated their property and each had possession thereof. As such, based upon the evidence presented at the final divorce hearing, the circuit court's judgment was correct. Petitioner's appeal to the circuit court from the family court's final order was without merit. *See Shortt v. Damron*, 220 W.Va. 710, 649 S.E.2d 283 (2007) (holding that "[t]his Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment."). Therefore, given the record before us in this matter, we cannot find reversible error in the family court's distribution of property or the circuit court's order refusing this appeal.

As to petitioner's claim that respondent committed fraud in his filings and perjury in his testimony, petitioner fails to satisfy her burden on appeal to prove that such error affirmatively appears in the appellate record. The general rule with regard to proof of fraud was stated in syllabus point 2 of *Work v. Rogerson*, 152 W.Va. 169, 160 S.E.2d 159 (1968):

> [t]he law does not presume fraud, and he who alleges it must clearly and distinctly prove it; but fraud may be legally inferred from facts and circumstances calculated to establish it, and in a case where a fiduciary relationship exists and an inference of fraud arises, the burden of proof is then on the alleged feasor to establish the honesty of the transaction. (citations omitted)

However, we have held that absent a showing that there has been a transfer or conveyance of property or some other agreement or transaction of a contractual nature between spouses, the burden on proving fraud remains upon the moving spouse. *See Divel v. Divel*, 178 W.Va. 558, 559-60, 363 S.E.2d 243, 244-45 (1987). While petitioner argues that respondent's only means to the American Funds account must have been the proceeds from the sale of the Lynchburg, Virginia, condo, to which she was entitled equal distribution, we find no support in the record for such an assertion. Petitioner failed to file responsive pleadings to the petition for divorce, failed to provide testimony of any witnesses at any stage of these proceedings, failed to appear at the final hearing, and failed to provide an affidavit or other potential evidence to support her broad accusations of fraud. "An appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment." Syl. Pt. 7, *State ex rel. Hatcher v. McBride*, 221 W.Va. 760, 656 S.E.2d 789 (2007) (internal citations omitted). Based on the record before this Court, we find no reversible error in the circuit court's order.

For the foregoing reasons, we hereby affirm the circuit court's July 7, 2014, order.

Affirmed.

**ISSUED**: June 15, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4