# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jeffrey Wayne Burns,**
**Respondent Below, Petitioner**

**FILED**

**January 5, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 16-1141** (Pocahontas County 96-D-60)

**Elisa J. Burns (now Weber),**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jeffrey Wayne Burns, by counsel Rebecca A. Judy, appeals the November 7, 2016, order of the Circuit Court of Pocahontas County, refusing his petition for appeal of a prior family court order that granted respondent a decretal judgment against petitioner in the amount of $10,200, plus interest from February of 2016. This judgment represents the total amount of funds that petitioner failed to deposit over seventeen years into a post-high school educational fund for the couple's child, who was eighteen months old at the time of the parties' divorce in 1996. Respondent Elisa J. Burns (now Weber), pro se, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Factual and Procedural Background

The parties were married in 1994 and divorced by order entered on October 2, 1996. There was one child born of the marriage. Under the divorce order, in relevant part, the family court granted respondent primary custody of the child; the parties agreed to waive the application of the child support formula, resulting in the family court ordering petitioner to pay $75 per week in child support; and petitioner agreed to pay $600 annually into a trust fund to be used for the child's post-high school education expenses. Based on the parties' agreement, the family court ordered petitioner to begin the annual payments to the fund in January of 1997. The divorce order is silent as to whether petitioner is liable for interest on the principal sum to be deposited.

The child reached the age of eighteen years in March of 2013, and thereafter graduated from high school. The child did not pursue post-high school education until 2015, when he enrolled in vocational school and incurred approximately $25,000 in tuition expenses. It is undisputed that petitioner made none of the required annual payments into the fund for the

1

child's post-high school education expenses. Based on seventeen annual deposits from 1997 to 2013, petitioner should have deposited a principal sum of $10,200 into the fund. In February of 2016, respondent sent petitioner a letter demanding payment of the funds that he should have deposited. Petitioner did not comply, and, as a result, respondent filed a contempt petition with the Family Court of Pocahontas County.

The family court conducted a hearing on the contempt petition in July of 2016. The family court found that, since the entry of the divorce order in 1996, the parties had been before either the family court or the circuit court eight times regarding issues unrelated to the post-high school education fund, and petitioner had never challenged his agreement to pay into the fund.

In his opposition to the contempt petition, petitioner argued that West Virginia Code § 48-11-103(c) mandates that the divorce order's trust fund provision be vacated. West Virginia Code § 48-11-103 governs when a court may award child support beyond the age of eighteen years. Subsection (c) provides as follows:

(c) The reenactment of this section during the regular session of the Legislature in the year one thousand nine hundred ninety-four shall not, by operation of law, have any effect upon or vacate any order or portion thereof entered under the prior enactment of this section which awarded educational and related expenses for an adult child accepted or enrolled and making satisfactory progress in an educational program at a certified or accredited college. Any such order or portion thereof shall continue in full force and effect until the court, upon motion of a party, modifies or vacates the order upon a finding that:

(1) The facts and circumstances which supported the entry of the original order have changed, in which case the order may be modified;

(2) The facts and circumstances which supported the entry of the original order no longer exist because the child has not been accepted or is not enrolled in and making satisfactory progress in an educational program at a certified or accredited college or the parent ordered to pay such educational and related expenses is no longer able to make such payments, in which case the order shall be vacated;

(3) The child, at the time the order was entered, was under the age of sixteen years, in which case the order shall be vacated;

(4) The amount ordered to be paid was determined by an application of child support guidelines in accordance with the provisions of section one hundred one, article thirteen, et seq., of this chapter, or legislative rules promulgated thereunder, in which case the order may be modified or vacated; or

(5) The order was entered after the fourteenth day of March, one thousand nine hundred ninety-four, in which case the order shall be vacated.

2

Petitioner argued that the trust fund provision in the 1996 divorce order should be vacated for the following three reasons: First, under subsections (c)(1) and (2), circumstances have changed; second, under subsection (c)(3), the child was under the age of 16 years when the divorce order was entered; and third, under subsection (c)(5), the divorce order was entered after March 14, 1994.

The family court rejected petitioner's argument regarding a change in circumstances because petitioner had never filed a petition to modify his support obligation, and the family court stated that it lacked jurisdiction to retroactively modify it. With respect to petitioner's remaining two challenges to the trust fund provision, the family court ruled that the trust fund provision in the 1996 divorce order was not entered pursuant to the prior law, which was enacted in 1993,[1] which permitted an award of child support for post-high school education expenses. The family court went on to cite *Shortt v. Damron,* 220 W. Va. 710, 649 S.E.2d 283 (2007), in which this Court held that an order requiring a parent to pay for his son's college expenses, based on the parties' agreement, was valid because the order was entered six years prior to the 1994 enactment of West Virginia Code § 48-11-103(c). Because the trust fund provision in the present case was not entered pursuant to the authority of the prior statute, but, rather, was entered according to the agreement of the parties, the family court ruled that the trust fund provision was not invalidated by West Virginia Code § 48-11-103(c). Additionally, the family court cited language in *Shortt* that "[t]here is nothing in the law, however, which precludes a parent from contracting to support his or her children after they reach the age of legal capacity." *Id.* at 713, 649 S.E.2d at 286. Accordingly, the family court concluded that West Virginia Code § 48-11-103(c) did not apply to the trust fund provision in the parties' divorce order.

The family court then addressed the remedy sought by respondent, which was the principal sum of $10,200, plus interest from the date of each installment. Because the divorce order was silent with respect to petitioner's liability for interest, and the child did not seek post-high school education until two years after graduation, the family court ruled that respondent was not entitled to interest until the time she made a demand for payment, which was February of 2016. Accordingly, by order entered on July 28, 2016, the family court granted respondent a decretal judgment against petitioner in the amount of $10,200, plus interest thereon from February 1, 2016, to date.

Petitioner appealed to the Circuit Court of Pocahontas County, arguing that (1) the trust fund provision must be vacated under West Virginia Code § 48-11-103(c)(5) because the divorce order was entered after March 14, 1994; (2) the trust fund provision must be vacated under West Virginia Code § 48-11-103(c)(3) because the child was less than sixteen years old when the divorce order was entered; and (3) the family court erred by awarding a decretal judgment based on petitioner's voluntary agreement. Respondent did not file a response to the petition for appeal. By order entered on November 7, 2016, the circuit court made findings of fact and conclusions of law that echoed those of the family court and refused petitioner's petition for appeal. Petitioner now appeals to this Court.

---

[1] The prior version of the statute that permitted child support for post-high school education was codified at West Virginia Code § 48-2-15d.

3

**Discussion**

We apply the following standard of review to the circuit court's order:

In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review. Syl. pt. 2, *Walker v. W.Va. Ethics Comm'n*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

Syl. Pt. 1, *In Re S.H.*, 237 W. Va. 626, 789 S.E.2d 163 (2016).

Petitioner raises three assignments of error on appeal. In his first assignment of error, he challenges the circuit court's finding that he had not previously moved the family court to modify or vacate the divorce order. Petitioner contends the finding is erroneous because he made such a motion verbally at the beginning of the July 26, 2016, family court hearing on respondent's contempt petition when the family law judge inquired if the parties had any "preliminary" motions. In its order refusing petitioner's appeal, the circuit court made the following finding, among many others: "Procedurally, [petitioner] has never filed a petition to modify/vacate the Family Court Order of October 2, 1996, ordering the payment of $600.00 yearly into the trust fund for post-high school expenses."

We find no error. First, the circuit court's finding is undisputedly true; petitioner had never filed such a motion. But even if we were to consider petitioner's verbal motion at the start of the contempt hearing, we still find no error because the circuit court's ultimate refusal of petitioner's appeal did not rest on this one finding. From our review, it seems clear that the point of the finding was to say that, *over the course of almost twenty years since the parties' divorce*, petitioner never formally challenged the requirement that he contribute to the fund, despite the fact that the parties were before the family court and circuit court eight times for other reasons, *and that each year for seventeen years*, he failed to make the annual payment he had agreed to make. Petitioner's verbal motion made only after respondent filed a contempt petition against him for failing to make any of the payments, and made only at the very start of the hearing on his obligation to pay, is not, under the facts of this case, sufficient to qualify as a "petition to modify/vacate the Family Court Order of October 2, 1996, ordering the payment of $600.00 yearly into the trust fund for post-high school expenses." Accordingly, petitioner's first assignment of error is without merit.

In his second assignment of error, petitioner argues that West Virginia Code § 48-11-103(c)(3) and (5) mandate that the trust fund provision in the divorce order be vacated. Relatedly, he argues in his third assignment of error that *Shortt* is not applicable to the facts of this case. We address these arguments together. Initially, we note that petitioner does not genuinely challenge the voluntariness of his agreement at the time of the divorce to help pay for

his son's post-high school education;[2] rather, he now seeks the benefit of a statute he contends negates his obligation. For the following reasons, we find no error in the family court's issuance of a decretal judgment against petitioner in favor of respondent.

West Virginia Code § 48-11-103(c)(3) and (5) (1994) provide as follows:

(c) The reenactment of this section during the regular session of the Legislature in the year one thousand nine hundred ninety-four shall not, by operation of law, have any effect upon or vacate any order or portion thereof entered under the prior enactment of this section which awarded educational and related expenses for an adult child accepted or enrolled and making satisfactory progress in an educational program at a certified or accredited college. *Any such order or portion thereof* shall continue in full force and effect until the court, upon motion of a party, modifies or vacates the order upon a finding that:

***

(3) The child, at the time the order was entered, was under the age of sixteen years, in which case the order shall be vacated;

***

(5) The order was entered after the fourteenth day of March, one thousand nine hundred ninety-four, in which case the order shall be vacated.

(Emphasis added).

Even petitioner acknowledges that subsection (c), as quoted above, refers only to orders that were entered under the prior enactment of the statute, that is, the 1993 version. The divorce order at issue in the present case was issued in 1996; thus, it was issued under the current enactment of the statute. Accordingly, we do not find that subsections (c)(3) and (5) control the outcome of this case. Instead, we look to West Virginia Code § 48-11-103(a), which provides as follows:

An order for child support shall provide that payments of such support continue beyond the date when the child reaches the age of eighteen, so long as the child is unmarried and residing with a parent, guardian or custodian and is enrolled as a full-time student in a secondary educational or vocational program and making substantial progress towards a diploma: Provided, That such payments may not extend past the date that the child reaches the age of twenty.

---

[2] In his brief, petitioner states that "there is no evidence of a voluntary agreement except for the wording '[petitioner] agrees to pay a sum of $600 per year [into the fund.]' As a pro se defendant in a divorce action, Mr. Burns did not believe he was agreeing to this but thought he had no option." Other than this passing statement, petitioner identifies no facts in the record that would indicate his agreement was involuntary.

5

Petitioner contends that he should prevail in negating the trust fund provision because his child was over twenty years old when he enrolled in post-high school education and was twenty-one years old when respondent demanded the money. However, under the plain language of West Virginia Code § 48-11-103(a), neither of these facts are dispositive. The statute allows for a child support order to extend beyond the child reaching eighteen years old, but states that "payments may not extend past the date that the child reaches age of twenty." In the present case, the only reason petitioner was faced with making a payment after his son reached age twenty was that he undisputedly failed to make a single annual payment for seventeen years. Stated another way, the provision in his divorce decree that he now seeks to negate required that he make an annual payment of $600 from the time his son was approximately eighteen months old until he was eighteen years old; under the divorce order, the family court did not require that the annual payments extend past the child's twentieth birthday, as prohibited by West Virginia Code § 48-11-103(a). Likewise, the fact that respondent waited until the child enrolled in post-high school education to demand that petitioner comply with the divorce order is of no moment to our analysis.

Furthermore, our analysis does not focus solely on the applicable statutes. Indeed, when the parties divorced in 1996, part of their agreement was that petitioner would make an annual $600 payment for his son's post-high school education for seventeen years; it was not something the family court ordered on its own against the wishes of petitioner. This point is important because this Court has recognized that, "[t]here is nothing in the law . . . which precludes a parent from contracting to support his or her children after they reach the age of legal capacity." *Shortt,* 220 W. Va. at 713, 649 S.E.2d at 286. Petitioner urges this Court to disregard *Shortt* because it involved a divorce order entered in 1987, under the prior enactment of West Virginia Code § 48-11-103. However, contrary to petitioner's implication, the current statute does not expressly prohibit parties from contracting for the payment of post-high school education expenses, as petitioner and respondent did in their 1996 divorce. Accordingly, we do not find *Shortt* to be inapplicable to the present case, as petitioner argues.

In conclusion, the undisputed fact is that petitioner agreed to make seventeen annual payments of $600 each for the purpose of assisting with his son's post-high school education expenses. He did not make a single payment. When respondent demanded that he pay in 2016, petitioner – for the first time since 1996 – claimed that the required payments violated the statute. We reject his arguments. Neither the law nor equity demands that we negate petitioner's agreement or the provision of the parties' divorce order derived from that agreement. Therefore, we find no error in the granting of a decretal judgment in favor of respondent against petitioner in the principal sum of $10,200, plus interest thereon from February 1, 2016, to date.

For the foregoing reasons, we affirm the Circuit Court of Pocahontas County's "Order Refusing Petition for Appeal" entered on November 7, 2016.

Affirmed.

**ISSUED:** January 5, 2018

6

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

**DISSENTING:**

Justice Robin Jean Davis