# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**S.U.,**
**Respondent Below, Petitioner**

**vs.) No. 21-0322** (Mason County CC-26-2020-C-51)

**C.J.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Self-represented petitioner S.U.[1] appeals the Circuit Court of Mason County's April 14, 2021, order granting, in part, and denying, in part, respondent's motion for permanent injunctive relief and barring petitioner from filing self-represented pleadings involving the respondent and the parties' children. Respondent C.J., the children's mother, made no appearance before the Court. On appeal, petitioner alleges that the circuit court lacked jurisdiction to award the relief requested.

This Court has considered petitioner's brief and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

We have previously issued detailed memorandum decisions concerning petitioner S.U.'s attempts to divest his children's mother of her custody of their children and even her status as the children's mother. *See S.U. v. C.J.* ("*S.U. I*"), No. 18-0566, 2019 WL 5692550 (W. Va. Nov. 4, 2019)(memorandum decision); *S.U. v. C.J.* ("*S.U. II*"), No. 19-1181, 2021 WL 365824 (W. Va. Feb. 2, 2021)(memorandum decision); *In re Adoption of E.U., L.U.-1, and L.U.-2* ("*Adoption I*"), No. 20-0039, 2021 WL 4935772 (W. Va. Oct. 13, 2021)(memorandum decision); *In re The Children of: S.U. v. C.J.*, Nos. 20-0515, 20-0516, 20-0612, and 20-0710, 2021 WL 4936476 (W.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

Va. Oct. 13, 2021)(memorandum decision). Despite our repeated rulings upholding the mother's legal rights, petitioner again predicates his appeal on the baseless assertion that she was a gestational surrogate. As we have previously ruled, there was never a valid, enforceable gestational surrogacy agreement between petitioner S.U. and respondent. *S.U. I*, No. 18-0566, 2019 WL 5692550, at *4 (finding that "all of [petitioner's assignments of error] . . . [w]ere grounded on his contention that [respondent] was nothing more than a gestational surrogate for the parties' three youngest children" and declining to disturb the family court's resolution of this issue in respondent's favor). Further, we have stressed that respondent "is the legal mother of all four children." *Id*. As has become clear through his repeated attacks on respondent's continued exercise of a maternal relationship with, and custody over, the children, petitioner S.U. refuses to accept the validity and finality of these determinations. Yet again, petitioner begins his statement of facts by characterizing respondent as nothing more than a gestational surrogate, an assertion that has become tedious.

The appeal before the Court stems from respondent filing a petition for permanent injunctive relief barring petitioner from filing self-represented pleadings involving the respondent and the parties' children, among other requests. By order entered on April 14, 2021, the circuit court granted respondent's petition, in part. Specifically, the court found that petitioner "persistently and habitually files lawsuits without reasonable grounds and engages in frivolous conduct in the courts to harass and cause harm to" respondent. The court also found that "through his numerous filings, in Circuit and Family Courts throughout this State and other states, there is a clear showing that [petitioner] is engaging in a course of conduct that demonstrates a clear intention to obstruct the administration of justice." Accordingly, the court prohibited petitioner from filing any self-represented pleadings of any kind related to the parties' four children or to respondent in the Family and Circuit Courts of Mason County. The court further ruled that petitioner may only file pleadings that are prepared and offered for filing by an attorney licensed to practice law in the State of West Virginia, whose license is in good standing. The court made additional rulings in the order at issue, but petitioner does not challenge them on appeal, so they will not be recounted herein. It is from the order granting, in part, and denying, in part, respondent's petition for injunctive relief that petitioner appeals.

On appeal, petitioner sets forth one assignment of error asserting that the circuit court lacked jurisdiction to grant respondent injunctive relief, and sets forth the following three subheadings for this argument: 1) lack of standing of a gestational surrogate against a biological parent pursuant to the Supremacy Clause and Fourteenth Amendment to the United States Constitution; 2) "Right of Access"; and 3) lack of jurisdiction under West Virginia Law.

In regard to petitioner's first argument—that respondent, as a gestational surrogate, lacked standing against him—we find that petitioner cannot be entitled to relief because this argument is counter to the many adverse rulings from this Court concerning petitioner's children and respondent's status as their mother. As clearly set forth in *S.U. I* and all of the many appeals petitioner filed thereafter, respondent is the children's mother. As such, petitioner's assertion that she lacks any constitutional rights to the children is absurd and tiresome. Compounding petitioner's error is the fact that, in support of his argument, he "incorporates" his briefing from prior cases before this Court "and reasserts the same as if fully stated herein." Given that petitioner was unavailing in these prior proceedings, he cannot be entitled to relief in the current matter upon

2

the same baseless arguments. *See In re The Children of: S.U. v. C.J.*, Nos. 20-0515, 20-0516, 20-0612, and 20-0710, 2021 WL 4936476 (W. Va. Oct. 13, 2021)(memorandum decision). In short, nothing petitioner advances in this regard can entitle him to relief.

In his next argument, petitioner again incorporates his briefing from the same previous appeals to this Court and then again alleges that respondent, as a gestational surrogate, is not entitled to custody of the children. According to petitioner, "it is legal error to order a permanent injunction against [petitioner] when it is gestational surrogate [respondent] who has acted contrary to" various authorities, including the state and federal constitutions. Once again, we must stress that petitioner's entire argument is predicated on his continued refusal to acknowledge respondent as the children's mother, despite this Court's repeated rejection of petitioner's position. Because petitioner again bases his argument on this fallacy, he cannot be entitled to relief.

Finally, petitioner asserts that the circuit court lacked jurisdiction under West Virginia law. It is unnecessary to address the question of whether the court had jurisdiction to enter an injunction because it clearly has the authority to restrict access for vexatious litigants. Indeed, we have routinely held as follows:

> "This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Syllabus Point 2, *Barnett v. Wolfolk*, 149 W.Va. 246, 140 S.E.2d 466 (1965).

Syl. Pt. 3, *Shortt v. Damron*, 220 W. Va. 710, 649 S.E.2d 283 (2007). In fact, this is not the first appeal in which this Court has analyzed restrictions on petitioner's ability to file self-represented pleadings or matters involving the children and respondent. *In re The Children of: S.U. v. C.J.*, Nos. 20-0515, 20-0516, 20-0612, and 20-0710, 2021 WL 4936476, at *5-6. Given that several courts have found that petitioner's multiple pleadings are vexatious, we conclude that it was not error to impose reasonable limits on his ability to file additional self-represented pleadings. *See Nelson v. W. Va. Pub. Emp. Ins. Bd.*, 171 W. Va. 445, 453-54, 300 S.E.2d 86, 95 (1982) (Neely, J. concurring) ("[E]very person is not entitled to his day in court regardless of the frivolous nature of the suit. Parties whose interest in the legal process is to oppress or cheat others should be discouraged."); *Mathena v. Haines*, 219 W. Va. 417, 422, 633 S.E.2d 771, 776 (2006) ("While access to courts is a recognized fundamental right, it is also a commonly recognized principle that such right of access is not without limitations."); *State ex rel. James v. Hun*, 201 W. Va. 139, 141, 494 S.E.2d 503, 505 (1997) (stating that the "right of meaningful access to the courts is not completely unfettered.").

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 14, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: August 30, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn


Justice Walker, concurring, and joined by Chief Justice Hutchison:

I concur with the decision to affirm the Circuit Court of Mason County's order limiting Petitioner's ability to file self-represented lawsuits. I also wish to reiterate the sentiment expressed in my concurrence to *In re Change of Name Regarding Minors, S.U.*[2] and encourage the Circuit Court of Mason County to exercise the full extent of its contempt powers should Petitioner violate the order.

In *In re Change of Name Regarding Minors*, Petitioner appealed the Circuit Court of Kanawha County's March 19, 2021, order dismissing his appeal from a Family Court of Kanawha County order.[3] Petitioner filed a petition in the Family Court of Kanawha County to change the names of minor children.[4] The Family Court of Kanawha Court refused to exercise jurisdiction because the Family Court of Mason County maintained continuing jurisdiction over matters involving the children.[5] The Family Court of Mason County aptly described Petitioner's Kanawha County filing as an effort to "defraud the Kanawha County Family Court [and the children's mother]."[6] The Family Court described Petitioner's effort this way, at least in part, because Petitioner filed the petition for name change despite its January 31, 2020, order prohibiting Petitioner from filing self-represented petitions to change the children's names.[7] On appeal to this Court, we affirmed the circuit court's order dismissing Petitioner's appeal and encouraged the

---

[2] No. 21-0258, 2022 WL 1556113, at *5 (W. Va. May 17, 2022) (memorandum decision).

[3] *Id.* at *1.

[4] *Id*.

[5] *Id*. at *3.

[6] *Id*. at *2.

[7] *Id*.

Family Court of Mason County to use the full extent of its contempt powers to deter Petitioner's vexatious litigation practices.[8]

Likewise, in this instance we encourage the Circuit Court of Mason County to exercise the full extent of its contempt powers should Petitioner violate its April 14, 2021, order enjoining him from filing self-represented pleadings in Mason County related to the children or their mother. Petitioner has demonstrated a disregard for the authority of the lower courts by attempting to circumvent prior orders prohibiting frivolous filings, so more aggressive action could be necessary to deter the conduct. And the Circuit Court of Mason County may be better suited than the Family Court to implement effective deterrents because it possesses criminal and civil contempt powers.[9]

So, I believe the circuit court acted prudently by granting Respondent's injunction prohibiting Petitioner from filing self-represented suits and encourage it to take appropriate action to ensure compliance with the order, if necessary.

Chief Justice Hutchison joins me in this concurrence.

---

[8] *Id*. at *5.

[9] *Compare* W. Va. Code § 61-5-26 *with* W. Va. Code § 51-2A-9.